**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ERSTE-SPARINVEST KAPITALANLAGEGESELLSCHAFT m.b.H., Derivatively on Behalf of Cardinal Health, Inc., | Case No. 2:15-cv-320 |
| Plaintiff, | Judge Algenon L. Marbley |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| DAVID J. ANDERSON *et al.*, | |
| Defendants, | |
| - and - | |
| CARDINAL HEALTH, INC., an Ohio corporation, | |
| Nominal Defendant. | |

**STIPULATION AND [PROPOSED] ORDER REGARDING VOLUNTARY DISMISSAL**

WHEREAS, by letter dated May 6, 2014, plaintiff Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. ("Erste"), a putative shareholder of Cardinal Health, Inc. (the "Company"), made a demand on the Company's board of directors that the board investigate and institute litigation against certain current and former directors and officers of the Company for alleged breaches of fiduciary duty primarily relating to the Company's interactions with the Drug Enforcement Administration (the "Erste Demand");

WHEREAS, another putative shareholder previously had made a demand on the Company's board relating to the same or related subject matter as the Erste Demand and, in response, the board had formed a special committee to investigate and make recommendations to the board regarding the demand and had authorized the committee to investigate and make recommendations regarding other demands concerning the same or related subject matter as the first demand;

WHEREAS, on July 28, 2014, after an exchange of correspondence between plaintiff and the Company, the Erste Demand was referred to the same committee that had considered the first demand (as well as a second related demand filed after the initial demand and prior to the Erste Demand);

WHEREAS, the special committee undertook additional investigative activity after the Erste Demand was referred to it, and then delivered to the board its report containing the committee's findings and recommendation that pursuit of the claims for breach of fiduciary duty against those current and former directors and officers identified in the demand would not be in the best interest of the Company;

WHEREAS, on November 5, 2014, the board considered and accepted the special committee's report and adopted its recommendation and, accordingly, determined to reject the Erste Demand;

WHEREAS, on November 14, 2014, the Company advised plaintiff in writing of the board's determination to reject the Erste Demand;

WHEREAS, on January 23, 2015, plaintiff filed the complaint in this action (the "Complaint"), asserting derivative claims on behalf of the Company against certain current and former directors and officers of the Company, including claims against the current directors for breach of fiduciary duty for allegedly wrongfully refusing the Erste Demand;

WHEREAS, on April 27, 2015, and pursuant to the parties' stipulation (Dkt. No. 7), defendants moved to dismiss the Complaint on multiple grounds: (1) under Rule 12(b)(1), for lack of subject-matter jurisdiction, because the Complaint failed to plead diversity jurisdiction; (2) for lack of standing, because the Complaint failed to plead particularized facts as required by Rule 23.1 to demonstrate that the Erste Demand was wrongfully refused; and (3) under Rule

12(b)(6), as to certain defendants, because the Complaint's claims were barred by the statute of limitations;

WHEREAS, the Company determined to make available to plaintiff certain materials reflecting the special committee's investigation and the board's determination to reject the Erste Demand, including the committee's reports relating to both earlier shareholder demands and relevant minutes of meetings of the board and of the committee, and plaintiff reviewed those materials on June 17-18, 2015, under mutually acceptable terms, including reservation of all rights by the Company;

WHEREAS, after reviewing those materials, plaintiff believes it unlikely to be able to sustain its burdens of proof with respect to both demand refusal and breaches of fiduciary duty arising from the Complaint or any potential amended complaint;

WHEREAS, plaintiff therefore has decided to voluntarily dismiss this action and that decision is based solely upon the plaintiff's conclusion that, under governing law, there is no reasonable basis to proceed;

WHEREAS, plaintiff consulted with defendants as required by Local Rule 7.3 and defendants do not oppose plaintiff's motion to voluntarily dismiss this action;

WHEREAS, plaintiff and defendants represent that neither plaintiff nor its counsel has received or will receive, directly or indirectly, any payment or other benefit in exchange for dismissal of this action and the parties agree that each side will bear its own costs and attorneys' fees;

WHEREAS, the purpose of court approval and notice of a settlement, dismissal, or compromise of a derivative action under Rule 23.1 is "to discourage the private settlement of a derivative claim under which a shareholder-plaintiff and attorney personally profit to the

exclusion of the corporation and the other shareholders" and to "prevent[] any prejudice to the corporate claim that might result from a discontinuance of the suit," 7C Wright & Miller, Fed. Prac. & Proc. Civ. § 1839 (3d ed.); and

WHEREAS, notice under Rule 23.1(c) is within the Court's discretion and is not required here because none of the policy reasons for this rule are implicated in that plaintiff's decision to voluntarily dismiss this action:  (i) is not the result of collusion; (ii) will not result in any profit to plaintiff or its counsel to the exclusion of the Company or other shareholders; and (iii) will not prejudice the Company or its shareholders because it is based on plaintiff's belief that the Complaint or any potential amended complaint presented in good faith by plaintiff would not survive a motion to dismiss.

THEREFORE, plaintiff and defendants, by and through their undersigned counsel of record, hereby agree and stipulate to the following, subject to order of the Court:  Pursuant to Federal Rules of Civil Procedure 23.1(c) and 41(a)(1), this action is hereby dismissed without prejudice and without notice to the Company's shareholders.

IT IS SO STIPULATED.

Dated:  June 25, 2015

s/ Jeffrey S. Goldenberg
Jeffrey S. Goldenberg
(Ohio Bar Registration No. 0063771)
Todd B. Naylor
(Ohio Bar Registration No. 0068388)
Goldenberg Schneider, LPA
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202
Telephone:    (513) 345-8297
Facsimile:     (513) 345-8294

Respectfully submitted,

s/ John M. Newman, Jr. (with permission)
John M. Newman, Jr. (Trial Attorney)
(Ohio Bar Registration No. 0005763)
E-mail:  jmnewman@jonesday.com
Geoffrey J. Ritts
(Ohio Bar Registration No. 0062603)
E-mail:  gjritts@jonesday.com
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:    (216) 586-3939
Facsimile:     (216) 579-0212

Seth D. Rigrodsky
Brian D. Long
Marc A. Rigrodsky (admitted *pro hac vice*)
Rigrodsky & Long, P.A.
2 Righter Parkway, Suite 120
Wilmington, Delaware 19803
Telephone:   (302) 295-5310
Facsimile:   (302) 654-7530

Ann K. Ritter
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone:   (843) 216-9000
Facsimile:   (843) 216-9450

*Attorneys for Plaintiff*

Marjorie P. Duffy
(Ohio Bar Registration No. 0083452)
E-mail:  mpduffy@jonesday.com
Jones Day
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43216-5017
Telephone:   (614) 469-3939
Facsimile:   (614) 461-4198

*Attorneys for Defendants David J. Anderson,*
*Colleen F. Arnold, George S. Barrett,*
*Carrie S. Cox, Calvin Darden, Bruce L.*
*Downey, Patricia A. Hemingway Hall,*
*Clayton M. Jones, Gregory B. Kenny,*
*David P. King, Richard C. Notebaert,*
*Glenn A. Britt, John F. Finn, David W.*
*Raisbeck, Jean G. Spaulding, Dave Bing,*
*R. Kerry Clark, George H. Conrades,*
*Philip L. Francis, John F. Havens,*
*J. Michael Losh, John B. McCoy, Michael*
*O'Halleran, Matthew D. Walter, and*
*Robert D. Walter*


s/ Corey A. Goldsand (with permission)
Corey A. Goldsand (Trial Attorney)
(Ohio Bar Registration No. 0077511)
E-mail:  corey.goldsand@cardinalhealth.com
Cardinal Health, Inc.
7000 Cardinal Place
Dublin, Ohio 43017
Telephone:   (614) 757-5811
Facsimile:   (614) 757-5051

*Attorney for Nominal Defendant*
*Cardinal Health, Inc.*


\*     \*     \*

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on June 25, 2015.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ Jeffrey S. Goldenberg<br>*One of the Attorneys for Plaintiff*